JONES v. OPPENHEIM et al.

(Supreme Court, Appellate Term. December 23, 1904.)

1. APPEAL—RECORD—EVIDENCE—EXTENT OF REVIEW.
    In the absence of a certificate or stipulation that the appeal book contains all the evidence given on the trial, a review of the case on appeal is limited to the exceptions taken by the appellant.

2. MASTER AND SERVANT—DISCHARGE—DAMAGES—HARMLESS ERROR.
    Where, in an action for wrongful discharge, the jury was instructed that the burden was on plaintiff to satisfy them that he complied with his contract, and that, when he agreed to serve as a salesman, he held himself out as capable of performing the duties thereof, and whether thereafter he had used his best efforts to effect sales was left to the jury as a question of fact, error, if any, in the exclusion of the evidence con-

cerning the representations made by him as to his competency as a sales-man prior to the signing of the contract of employment, was cured.

3. SAME—DAMAGES.

In an action for damages for breach of a contract of employment, a charge that it was plaintiff's duty after discharge to seek other employ-ment, and, if he was entitled to recover at all, he was entitled to re-cover what he would have received if he had not been discharged by de-fendants, less any money he was able to earn from any other person, was proper.

Appeal from City Court of New York, Trial Term.

Action by Thomas H. Jones against Louis Oppenheim and others. From a City Court judgment in favor of plaintiff, and from an order denying defendants' motion for a new trial, they appeal. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Geo. Edwin Joseph, for appellants.

Eisman & Levy, for respondent.

FREEDMAN, P. J. In the absence of a certificate or stipula-tion that the appeal book contains all the evidence given upon the trial, the exceptions taken by the appellants can only be consid-ered.

Assuming that it was error to exclude testimony concerning the representations made by the plaintiff as to his competency as a salesman prior to the signing of the contract of employment, it was cured by the manner in which the issues were submitted to the jury. They were instructed that the burden was on the plaintiff to satisfy them that he did comply with the terms and conditions of his contract, and that when he agreed to serve as a salesman he held himself out as one capable of performing the duties he under-took to perform. Whether thereafter he had used his best efforts to effect sales was left to the jury, as a question of fact. Upon this point there was considerable evidence, and the defendants were satisfied with the charge covering the point, and made no request for further instructions.

Concerning the measure of damages, the charge, as a whole, is free from error. The general charge is to be considered in con-nection with the further instructions given by the trial justice in response to questions addressed to him by individual jurors, and the jury were then clearly and unequivocally charged that it was the plaintiff's duty, after he was discharged, to seek other employ-ment, to reduce the damages, and that, if he was entitled to re-cover at all, he was entitled to recover what he would have received if he had not been discharged by the defendants, less any money he was able to earn from any other person.

The record presents no reversible error.

The judgment and order should be affirmed, with costs.

GILDERSLEEVE, J., concurs. MacLEAN, J., taking no part.

¶ 3. See Master and Servant, vol. 34, Cent. Dig. §§ 54, 56.